IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JUSTIN GLOVER,                          §
                                        §
                    Plaintiff,          §
                                        §   Civil Action No. 3:13-CV-4725-D
VS.                                     §
                                        §
QUALITY AIR TECHNOLOGIES,               §
LTD.,                                   §
                                        §
                    Defendant.          §

MEMORANDUM OPINION
AND ORDER

        Plaintiff Justin Glover ("Glover") sues defendant Quality Air Technologies, Ltd.

("Quality Air") seeking unpaid overtime compensation under the Fair Labor Standards Act

of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*  Quality Air moves to dismiss under Fed. R. Civ.

P. 12(b)(6),[1] contending that Glover has failed to state a claim on which relief can be granted.

The court denies the motion.

I

        In his complaint, Glover alleges, in pertinent part, that he "worked as a helper and as

a service technician, doing mechanical and electrical maintenance work on air filters for paint

booths, among other duties," Compl. ¶ 2; that "[d]uring one or more weeks of [his]

employment with [Quality Air], [he] worked in excess of forty (40) hours," *id.* ¶ 5; and that

_____

        [1]Although Quality Air cites Rule 8(a)(2), the motion is made under Rule 12(b)(6).
Rule 8(a)(2) imposes the pleading standard on which Quality Air relies. *See* D. Mot. to
Dismiss at 2-3.

"[d]uring one or more weeks of [his] employment with [Quality Air] wherein [he] worked overtime hours, [Quality Air] failed to pay [him] one and one-half times his regular rate of pay for each of his overtime hours worked." *Id.* ¶ 6. Quality Air moves to dismiss, contending that, when the legal conclusions and recitation of the elements of Glover's claim are excised from the complaint, what remains is insufficient to state a plausible claim.

## II

In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of Glover's complaint "by accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

The court holds that Glover's complaint states a plausible claim for unpaid overtime compensation.

"The basic elements of a FLSA claim are that (1) plaintiffs must be employed by the defendants; (2) the work involved interstate activity; and, most importantly for present purposes, (3) plaintiffs 'performed work for which they were under-compensated.'" *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013) (quoting *Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir. 2012)). "A claim for unpaid overtime wages must demonstrate that the plaintiffs were employed 'for a workweek longer than forty hours' and that any hours worked in excess of forty per week were not compensated 'at a rate not less than one and one-half times the regular rate.'" *Id.* (quoting 29 U.S.C. § 207(a)(1)).

Glover's complaint specifies the nature of his positions and of his work, and it alleges that, during one or more weeks, he worked more than 40 hours and was not paid time-and-a-half for overtime. In *Hoffman v. Cemex, Inc.*, 2009 WL 4825224 (S.D. Tex. Dec. 8, 2009)

(Rosenthal, J.), the court held that similar allegations were sufficient to withstand Rule 12(b)(6) dismissal. "The plaintiffs allege that they were classified as nonexempt, that they regularly worked more than 40 hours per workweek, and that they were not paid time-and-a half for those overtime hours. Those are all factual allegation[s]—not legal conclusions—and, if proven, they give rise to a plausible claim for relief." *Id.* at *3 (citing *Qureshi v. Panjwani*, 2009 WL 1631798, at *3 (S.D. Tex. June 9, 2009)). As Judge Rosenthal explained in *Hoffman*:

> A complaint must give the defendant fair notice of what the claim is and the grounds on which it rests. The plaintiffs' allegations satisfy both requirements. The allegations give [the defendant] notice that the claim is one for unpaid overtime under the FLSA and that it is based on a failure to pay employees time-and-a-half for hours worked in excess of 40 per workweek. The complaint is not replete with detailed factual allegations, but such details are not required to meet Rule 8(a) in the specific context of FLSA overtime claims.

*Id.* (citing *Connolly v. Smugglers' Notch Mgmt. Co.*, 2009 WL 3734123, at *3 (D. Vt. Nov. 5, 2009)). To state a plausible claim for unpaid overtime compensation under the FLSA, Glover is not obligated to allege specific details like the number of hours worked each week, or the weeks during which he was underpaid. *See Davis v. Skylink LTD.*, 2011 WL 2447113, at *4 (S.D. W.Va. June 15, 2011) (stating that plaintiffs need not "provide a running list of specific work days for which they were not paid" to plead a plausible claim for relief).[2]

_____

[2]Although "courts across the country have expressed differing views as to the level of factual detail necessary to plead a claim for overtime compensation under FLSA," *Butler v. DirectSat USA, LLC*, 800 F.Supp.2d 662, 668 (D. Md. 2011), the court's holding is consistent with the conclusions reached by other district courts in the Fifth Circuit. *See, e.g.,*

Considering the complaint as a whole, the court holds that Glover has pleaded a plausible FLSA claim for unpaid overtime compensation.

* * *

Quality Air's Rule 12(b)(6) motion to dismiss Glover's complaint is denied.

**SO ORDERED**.

June 25, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

_____

*Hoffman*, 2009 WL 4825224, at *3; *Xavier v. Belfor USA Grp., Inc.*, 2009 WL 411559, at *5 (E.D. La. Feb. 13, 2009).